**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **KAREEM JAMAL CURRENCE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Civil Action No. 1:11-0088** |
| | ) | |
| **E.K. CAULEY, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

**FACT AND PROCEDURE**

**A.      Criminal Action No. 3:05-cr-0231:**

On September 8, 2006, Petitioner was convicted in the Eastern District of Virginia of Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841 (Count 1); and Possession with Intent to Distribute Cocaine Base Within 1000 Feet of a School Zone in violation of 21 U.S.C. § 860 (Count 2). United States v. Currence, Case No. 3:05-cr-0231 (E.D.Va. Dec. 6, 2006), Document No. 39. On December 6, 2006, the District Court sentenced Petitioner to a total

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

term of 264 months, consisting of 240 month as to Count One and 264 months as to Count Two, to run concurrently. Id., Document Nos. 44 and 45. The District Court further imposed a six-year term of supervised release. Id. Petitioner filed a Notice of Appeal. Id., Document No. 47. In his appeal, Petitioner argued that the District Court improperly admitted evidence obtained during a warrantless search in violation of the Fourth Amendment. On July 5, 2007, the Fourth Circuit affirmed Petitioner's conviction. United States v. Currence, 231 Fed.Appx. 294 (4th Cir. 2007). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on October 29, 2007. Currence v. United States, 552 U.S. 1004, 128 S.Ct. 522, 169 L.Ed.2d 364 (2007).

**B.     First Section 2255 Motion:**

On March 12, 2008, Petitioner filed in the Eastern District of Virginia a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Currence, Case No. 3:05-cr-0231, Document No. 61. The United States filed its Answer on May 12, 2008. Id., Document No. 63. By Memorandum Opinion and Order entered on February 23, 2009, the District Court denied Petitioner's Section 2255 Motion. Id., Document Nos. 69 - 70.

**C.     Section 2241 Petition:**

On February 9, 2011, Petitioner filed his instant Petition requesting relief under 28 U.S.C. § 2241. (Civil Action No. 1:11-0088, Document No. 1.) Petitioner asserts the following grounds for *habeas* relief:

> (1)     The Public, Media and the Petitioner have been and are continuing to be prejudiced against, insofar as access to judicial documents and/or records that should exist or should've been made to exist, according to law, but doesn't. Therefore, impeding the right of access under the First Amendment and Common Law right under the United States Constitution.

> (2)     The Petitioner's commitment to the BOP was implemented in an unauthorized manner by unauthorized and unqualified personnel and is therefor, irregular

with respect to procedural due process of law under the U.S. Laws and
Constitution.

(3)     The Petitioner's confinement status is being justified in direct defiance of the
U.S. Constitution's separation-of-powers doctrine principles.

(4)     The manner in which the Petitioner's confinement to the BOP has ensued and
subsequently been implemented in a contrary manner, as opposed to that
found in statutory, procedural and regulatory laws are in fact contrary to
congressional intent.

(Id., pp. 10 - 11.) On March 3, 2011, Petitioner filed an his Memorandum of Law in support of his

Petition. (Document No. 4.) Petitioner continues to argue that his Judgment and Commitment Order

is invalid. (Id.) Specifically, Petitioner argues that his Judgment and Commitment Order was

improperly executed because the "Return" portion was completed and signed by the Warden of USP

Lee. (Id.) Petitioner contends that the Judgment and Commitment Order is void because it was not

completed and signed by a United States Marshall. (Id.)

**D.      Second Section 2255 Motion:**

On February 6, 2012, Petitioner filed in the Eastern District of Virginia a Motion to Reopen

Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Currence, Case No. 3:05-

cr-0231, Document No. 77. By Memorandum Opinion and Order entered on April 9, 2012, the

District Court construed Petitioner's Motion to Reopen as a Section 2255 Motion and denied it as

successive Motion. Id., Document Nos. 78 and 79. On April 24, 2012, Petitioner filed a Motion to

Alter or Amend Judgment. Id., Document  Nos. 80 and 81. By Order entered on June 19, 2012, the

District Court denied Petitioner's Motion. Id., Document No. 82.

**D.      Third Section 2255 Motion:**

On July 26, 2012, Petitioner filed in the Eastern District of Virginia Motion to Vacate, Set

Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 83. By Memorandum Opinion

and Order entered on August 16, 2012, the District Court denied Petitioner's Motion as successive. Id., Document No. 84. Petitioner filed a Notice of Appeal on August 31, 2012. Id., Document No. 86. On December 27, 2012, the Fourth Circuit dismissed Petitioner's Appeal. United States v. Currence, 2012 WL 6701030 (4th Cir. 2012).

**E.      All Writs Act:**

On December 12, 2012, Petitioner filed in the Eastern District of Virginia a Motion pursuant to the All Writ Act. Currence, Case No. 3:05-cr-0231, Document No. 87. The foregoing Motion is currently pending in the Eastern District of Virginia.

**ANALYSIS**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. §  2241. See 28 U.S.C. § 2242. Thus, in addition to those

4

very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence and conviction as imposed by the Eastern District of Virginia. Specifically, Petitioner contends that his Judgment and Commitment Order is void because the United States Marshal Service failed to properly execute and return the Judgment and Commitment Order. Petitioner, therefore, requests that this Court invalidate his Judgment and Commitment Order. Petitioner, however, does not dispute the date of his commitment or the calculation of his sentence. Petitioner is clearly challenging the validity of his conviction and sentence, not the manner in which his sentence is being executed. See Queen v. Martinez, 273 Fed.Appx. 180 (3rd Cir. 2008)(dismissing petitioner's Section 2241 claim that "his judgment and commitment order was not executed because the 'return portion,' where the United States Marshal states that the defendant was delivered to the Bureau of Prisons, was not filled in"); Anderson v. United States Marshals, 2007 WL 1227697 (M.D.Pa. April 25, 2007)(dismissing petitioner's Section 2241 claim that his judgment and commitment order was rendered null and void based on "the United States Marshals' fail[ure] to properly execute and return the judgment and commitment order to the district court"). Accordingly, the undersigned will briefly

5

consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the

instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion

and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions

thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides

as follows:

> A prisoner in custody under sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence was imposed in
> violation of the Constitution or the laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral attack, *may move
> the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this

District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District

of Virginia. While a Section 2255 Motion filed in a Court other than the sentencing Court should be

transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not

be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under

Section 2255 in the sentencing Court at least once before and has not obtained

certification/authorization to file a second or successive Motion from the Fourth Circuit Court of

Appeals.[2]

---

[2]  Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28
U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a
panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the
Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as
> a whole, would be sufficient to establish by clear and convincing evidence that no
> reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the

---

the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A).

7

prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have

seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984).  Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: February 4, 2013.

R. Clarke VanDervort
United States Magistrate Judge

9