IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

KAREEM JAMAL CURRENCE,

    Petitioner,

v.                                   Civil Action No: 1:11-0088

E.K. CAULEY,
Warden

    Respondent.


## MEMORANDUM OPINION AND ORDER

Pending before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 2). The magistrate judge submitted his proposed findings and recommendation ("PF&R") on February 4, 2013. (Doc. No. 12). He recommended that the petitioner's application be dismissed.

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R. Petitioner filed objections to the PF&R on February 13, 2013. (Doc. No. 14). Accordingly, this court has conducted a de novo review of the record as to all of the objections. See 28 U.S.C. §

636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). Petitioner's objections are without merit for the reasons that follow.

## I.  Background

Petitioner was convicted in the Eastern District of Virginia of one count of possession with intent to distribute cocaine base and one count of possession with intent to distribute cocaine base within 1,000 feet of a school zone. United States v. Currence, No. 3:05-cr-0231 (E.D. Va. Dec. 6, 2006), Doc. No. 39. Petitioner's conviction and subsequent sentence of 264 months of imprisonment and a six-year term of supervised release were affirmed by the Fourth Circuit. United States v. Currence, 231 F. App'x 294 (4th Cir. 2007). Petitioner's petition for a writ of certiorari in the United States Supreme Court was denied. Currence v. United States, 552 U.S. 1004 (2007).

Petitioner has made a number of attempts at post-conviction relief. First, petitioner filed a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 in the Eastern District of Virginia, which was denied by the district court. Currence, No. 3:05-cr-0231, Doc. Nos. 61, 69-70. Next,

petitioner filed the instant petition in this court requesting relief under 28 U.S.C. § 2241. (Doc. No. 1). A third petition, and second under 28 U.S.C. § 2255, was filed in the Eastern District of Virginia and subsequently denied as a successive motion. Currence, No. 3:05-cr-0231, Doc. Nos. 77-79. Next, petitioner filed a motion to alter or amend the judgment which was subsequently denied. Id., Doc. Nos. 80-82. Petitioner then filed another motion to vacate, set aside, or correct the sentence which was again denied as successive. Id., Doc. Nos. 83-84. The Fourth Circuit Court of Appeals dismissed petitioner's appeal with respect to this motion. United States v. Currence, 2012 WL 6701030 (4th Cir. 2012). Finally, petitioner filed a motion pursuant to the All Writs Act in the Eastern District of Virginia which is currently pending. Currence, No. 3:05-cr-0231, Doc. No. 87.

### II. Petitioner's Objections to the PF&R

The magistrate judge concluded that the claims raised by petitioner in his § 2241 petition are ones properly considered under § 2255. Because petitioner was sentenced in the Eastern District of Virginia, and relief under § 2255 is not "inadequate or ineffective," the magistrate judge concluded that this court is without jurisdiction to entertain the petition. The magistrate judge further determined that the petition should not

be transferred to the Eastern District of Virginia because petitioner has sought relief under § 2255 in the sentencing court on at least one occasion, and he has not obtained a certification to file a second or successive motion from the Fourth Circuit Court of Appeals.

Petitioner purports to raise seven objections to the PF&R. The objections overlap, and for the most part "do not direct the court to a specific error in the magistrate's [PF&R]" because they are "general and conclusory." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Normally, such non-specific objections would waive the right to a de novo review. Because petitioner is proceeding pro se, however, his filings are held to a less stringent standard than if they were prepared by a lawyer and are construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). As such, the court has performed a de novo review. That said, a de novo review does not require an in-depth discussion of patently frivolous objections. After a de novo review, the court determines that petitioner's objections are wholly meritless. The court adopts the magistrate judge's succinct factual and legal analysis in its entirety and adds the following.

All of the objections stated by petitioner are essentially the same. That is, petitioner objects to the magistrate judge's determination that this action should have been brought under §

4

2255 in the sentencing court because petitioner is essentially arguing that his judgment and commitment order are void. See generally (Doc. No. 14). Petitioner claims he is challenging the "execution of [his] sentence" and not its validity because the United States Marshal Service failed to properly execute and return his judgment and commitment order by failing to sign the "return" portion indicating that defendant was delivered to custody. (Doc. No. 14 at 4). Therefore, petitioner claims, his petition is properly brought under § 2241.

Petitioner is incorrect. Petitioner is not challenging matters pertaining to his "commitment or sentence" as required to file a petition under § 2241. See 28 U.S.C. § 2242. Rather, petitioner challenges the validity of his judgment and commitment order – a matter properly considered under § 2255. Petitioner presents no dispute as to the date of his commitment or calculation of his sentence. He simply complains of the failure to properly fill in the return portion on his judgment and commitment order and alleges that this omission deprives the BOP of jurisdiction to enforce the criminal judgment. (Doc. No. 14 at 5). This argument is without merit. See Queen v. Martinez, 273 F. App'x 180 (3d Cir. 2008) (summarily dismissing petitioner's § 2241 claim that "his judgment and commitment order was not executed because 'return portion,' where the United States Marshal states that the defendant was delivered to

5

the Bureau of Prisons, was not filled in."); <u>Anderson v. United States Marshalls</u>, No. 1:CV-07-0048, 2007 WL 1227697 at *1 (M.D. Pa. April 25, 2007) (dismissing petitioner's § 2241 claim that his judgment and commitment order was null and void because the "United States Marshals failed to properly execute and return the judgment and commitment order to the district court."). The explanation provided by petitioner as to why the absent statement of his delivery to custody has affected his rights is not convincing and provides no legal basis for the relief requested.

Consequently, as determined by the magistrate judge, petitioner's claims are ones properly considered under 28 U.S.C. § 2255, rather than § 2241. Because motions under § 2255 must be filed in the sentencing court, jurisdiction is proper in the Eastern District of Virginia. And because petitioner has proceeded on several occasions under § 2255 in the sentencing court and has not obtained certification to file a successive motion, the court will dismiss the petition rather than transfer it to the sentencing court.

Even if petitioner were properly challenging matters pertaining to his "commitment or detention" as required under § 2241, the court would still dismiss the petition. <u>See</u> 28 U.S.C. § 2242. The explicit terms of § 2255 state that a petition under § 2241 cannot be entertained unless a § 2255 motion would

6

be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Fourth Circuit Court of Appeals has ruled that relief is inadequate or ineffective when: "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). The petitioner bears the burden of showing that relief under § 2255 is inadequate or ineffective. Hood v. United States, 13 F. App'x 72 (4th Cir. 2001) (unpublished decision); Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). As stated by the magistrate judge, the petitioner "has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241." As such, the petition must be dismissed.

### III. Conclusion

Accordingly, the court OVERRULES petitioner's objections to Magistrate Judge VanDervort's PF&R. The court adopts the factual and legal analysis contained within the PF&R, DISMISSES

7

petitioner's application for writ of habeas corpus (Doc. No. 1), and DISMISSES this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record.

IT IS SO ORDERED on this 15th day of October, 2013.

                              ENTER:

                              David A. Faber
                              Senior United States District Judge