IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

KAREEM JAMAL CURRENCE,

    Movant,

v.                               Civil Action No: 1:11-00088

E.K. CAULEY,
Warden

    Respondent.

## MEMORANDUM OPINION AND ORDER

    Pending before the court is movant's Motion for Reconsideration Under Fed. R. Civ. P. 60(b) to Correct an Error of Law in the Habeas Proceeding Under 28 U.S.C. § 2241. (Doc. No. 24). For the reasons that follow, the motion is denied.

    By Judgment Order entered by this court on October 15, 2013, the court adopted Magistrate Judge VanDervort's proposed findings and recommendation (PF&R) in which he recommended that the district court deny movant's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 15). On October 24, 2013, movant appealed to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 17). The Fourth Circuit affirmed this court's decision on February 26, 2014. (Doc. No. 22). On April 17, 2014, movant filed the instant motion pursuant to Rule 60(b), asking the court to reconsider

1

its decision in light of Hall v. Loretto, 556 Fed. App'x 72 (3d Cir. Feb. 18, 2014) (unpublished).

Rule 60(b) permits a court to grant relief from a final judgment. Under Rule 60(b), a plaintiff must make an initial showing "that his motion was filed within a reasonable time, that he has a meritorious defense or legal position in spite of an earlier ruling by the Court or jury verdict, that there is a lack of prejudice to [the defendant] and that exceptional circumstances exist." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 774 F. Supp. 996, 999 (S.D.W. Va. 1991) (citing Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). Once these four requirements are satisfied, a party must still "proceed to satisfy one or more the rule's six grounds for relief from judgment." Id.

Here, movant is not entitled to relief from judgment because he cannot satisfy the initial threshold requirements. Movant claims that consideration of the Third Circuit Court of Appeals' decision in Hall v. Loretto would yield a different result in his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Initially, the court notes that the Hall decision is not binding precedent in this circuit. Further, the Hall decision is not binding precedent in the Third Circuit, either, as the decision is unpublished. See 3rd Cir. LAR, App. I, IOP 5.7 (1997).

2

After considering the Hall decision, the court concludes that it does not provide movant with relief, despite movant's representations to the contrary. In Hall, the petitioner filed a § 2241 petition for a writ of habeas corpus, arguing that the sentencing court's judgment and commitment order were not properly executed because the "return" section of the order—where a U.S. Marshal or Deputy U.S. Marshal attests that the defendant has been delivered to the Bureau of Prisons with a certified copy of the judgment—was incomplete. 556 Fed. App'x at 73. The Third Circuit construed the petition under § 2241 because the petitioner attacked the execution of his sentence, rather than its validity. Id.

Movant argues, relying solely on Hall, that this court erred in accepting the PF&R, which construed his petition under § 2255, rather than § 2241. Movant makes the same arguments as the Hall petitioner: because the United States Marshals Service did not properly execute and return his Judgment and Commitment Order, he is entitled to relief. As a result, movant argues that his petition should have been construed under § 2241.

However, even if the court construed movant's petition pursuant to § 2241, rather than § 2255, he would not be entitled to relief. Notably, the Third Circuit denied relief to the petitioner in Hall. "Hall has not cited, nor have we located, any authority for the proposition that, where the United States

3

Marshal (or his or her deputy) does not complete the 'return' section of a defendant's judgment and commitment order, the defendant's confinement is unlawful and he must be released." Id. As a result, the Hall decision does not provide movant with a meritorious defense or legal position contrary to the court's earlier ruling. Because he cannot make the requisite showing under Rule 60(b), he is not entitled to relief from judgment. Accordingly, his motion is DENIED.

    The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to movant, pro se.

    It is SO ORDERED this 8th day of October, 2014.

                              ENTER:

                              David A. Faber
                              Senior United States District Judge