```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT BLUEFIELD
```

KAREEM JAMAL CURRENCE,

    Movant.

v.                                CIVIL ACTION NO.: 1:11-00088

E.K. CAULEY,
Warden,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court is movant's Motion Pursuant to Rule 59(e).  (Doc. No. 29).  Movant asks the court to reconsider its denial of his Rule 60(b) motion.  (Doc. No. 28).  For the reasons that follow, the motion is DENIED.

The decision to grant or deny a Rule 59(e) motion is discretionary.  <u>United States v. Torain</u>, 77 F. Supp. 2d 749, 751 (S.D.W. Va. 1999) (citing <u>Boryan v. United States</u>, 884 F.2d 767, 771 (4th Cir. 1989)).  While the text of Rule 59(e) does not provide a standard for grant or denial of a Rule 59(e) motion, the Fourth Circuit has recognized the following "three grounds for amending an earlier judgment:  (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  <u>Hutchinson v. Staton</u>,

994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1046, 1419 (D.Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Notably, a Rule 59(e) motion should not be granted where the moving party simply seeks to have the court "'rethink what the Court ha[s] already thought through—rightly or wrongly.'" Torain, 77 F. Supp. 2d at 751 (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

In movant's case, there is no intervening change in controlling law, nor does he present evidence that was unavailable at trial. Instead, movant argues that he is entitled to relief under Rule 59(e) because, according to movant, the court committed a clear error of law when it denied his Rule 60(b) motion.

On October 15, 2013, the court accepted the magistrate judge's proposed findings and recommendation that the court dismiss movant's petition for a writ of habeas corpus. While movant styled his petition under § 2241, the magistrate judge concluded that § 2255 provided the appropriate vehicle for the relief movant sought. Relying on a decision from the Third Circuit, Hall v. Loretto, 556 Fed. App'x 72 (3d Cir. Feb. 18, 2014) (unpublished), movant argues that the court erred in construing his petition under § 2255, rather than § 2241 and, as a result, improperly denied his Rule 60(b) motion.

2

However, as outlined in the court's denial of his Rule 60(b) motion, even if the court construed movant's petition under § 2241, he would not be entitled to relief. Movant makes the same arguments in his Rule 60(b) motion and the instant motion: that his confinement is illegal because the United States Marshals Service did not properly execute and return his Judgment and Commitment Order. But the Marshals Service's failure to execute a Judgment and Commitment Order does not result in an inmate's illegal confinement. See Hall, 556 Fed. App'x at 73 ("Hall has not cited, nor have we located, any authority for the proposition that, where the United States Marshal (or his or her deputy) does not complete the 'return' section of a defendant's judgment and commitment order, the defendant's confinement is unlawful and he must be released."). Therefore, the court's denial of his Rule 60(b) motion does not constitute a clear error of law.

Accordingly, movant's Motion Pursuant to Rule 59(e) is DENIED. The Clerk is directed to send a copy of this Order to counsel of record and to movant, pro se.

IT IS SO ORDERED this 24th day of October, 2014.

ENTER:

David A. Faber
Senior United States District Judge